Keough v. McNitt.

---

PATRICK KEOUGH, Appellant, *vs.* MARTIN McNITT, Respondent.

### APPEAL TO THE DISTRICT COURT OF RAMSEY COUNTY.

A new trial will not be granted upon the ground of newly discovered evidence upon an affidavit stating that *affiant is informed and believes* that certain parties will testify in a certain manner, if a new trial is granted. The affidavits of the witnesses should be produced when they can be obtained, and there should appear a sufficient excuse for not producing the testimony on the former trial.

Parol evidence is admissible in cases of written instruments, to prove collateral and independent facts about which the writing is silent; but not to vary the terms of the instrument.

Parties may, by express agreement, make the giving of a note or bill of exchange for the amount of an existing debt, operate as a payment of such debt; particularly where a new and additional consideration passes from the debtor to the creditor.

The complaint alleges that on and prior to the 9th day of February, A. D. 1858, the Plaintiff had been engaged in the livery business in Saint Paul, and in connection with his said business had contracted certain debts which were then standing against him, among which was a note given by Plaintiff to Cave & Dunwell, dated August 14th, 1856, for seven hundred dollars, payable in one year, with interest at three per cent. per month, till paid. That on said 9th day of February, 1858, the Plaintiff sold and transferred an undivided half interest in all his livery property to one Wm. B. Langley ; and that the copartnership was then formed between the Plaintiff and said Langley, under the name of William B. Langley & Co., for carrying on the livery business together, and that as a part of the consideration for forming the said copartnership, said firm assumed to pay the debts which were then standing against said Keough, among which was the said debt due to Cave & Dunwell. That said copartnership continued until about the 12th day of August, 1858, when the same was dissolved by the said Langley purchasing out Plaintiff's interest and assuming the payment of the debts contracted or assumed by the firm, at which time the said Langley and the Defendant, McNitt, executed and delivered to the Plaintiff a bond to pay said debts and keep the said Plaintiff free, clear and harmless from the same. The bond is quoted in the complaint in full.

The plaintiff further alleges that said Langley did not pay debts and liabilities contracted and assumed by said firm, and did not keep the Plaintiff free, clear and harmless therefrom ; and specifies several debts, and among them the said Dunwell and Cave note, which the Plaintiff has paid and satisfied.

The allegation in the complaint as to the payment of the said Cave and Dunwell note, is, "that the said Plaintiff did, on the 23d day of April, 1859, satisfy and lift the same by the payment of the sum of $1,120 to the holders thereof." And the complaint demands judgment against the Defendant for the several amounts so paid by him, including the amount alleged to have been paid to lift the said Cave and Dunwell note.

The answer takes issue specially with the allegation of the

complaint as to the Plaintiff's having paid the said Cave and Dunwell note, and also denies all other allegations in the complaint.

The case was referred to James Gilfillan, Esq., and after hearing testimony in the case, and arguments of counsel, made a report, and directed judgment in favor of the Plaintiff. Judgment was thereon rendered for the Plaintiff, on the 17th day of August, 1861.

In regard to the payment of the Cave and Dunwell note by the Plaintiff, the referee finds as follows : " On the 23d day of April, 1859, there being then actually due on the said note, payable to C. S. Cave and D. W. C. Dunwell the sum of $1,007 88, this Plaintiff paid and satisfied said note by giving to the holders thereof his other note for the sum of $1,120.

On the 22d day of November, A. D. 1861, counsel for the Defendant served notice of motion to set aside the judgment and report of referee, and to grant a new trial in said action, upon the usual grounds in such cases, and particularly upon the ground of newly discovered evidence, tending to show that the said Plaintiff had not paid the said Dunwell and Cave note of $700, as set forth in the affidavit of M. E. Ames, Esq., which was the only showing of newly discovered evidence on the part of the Defendant upon the hearing of said motion. In opposition to the motion upon the granting of newly discovered evidence, the affidavits of J. M. Gilman and John B. Brisbin were used in behalf of the Plaintiff.

The Court below granted the motion for a new trial, and Plaintiff appeals.

Points and Authorities for Appellant.

I.—It is not made to appear that any new evidence has been discovered or is in existence. The only affidavit in support of the motion is that of Mr. Ames, who merely states what Colonel John B. Sanborn told him in a casual conversation that Cave and Dunwell had said or testified to in another case. How Mr. Sanborn got his information does not appear. No affidavit of Mr. Cave or Mr. Dunwell, or any one else, is produced, setting forth what they know or will testify to upon

the subject, nor are there any affidavits of any one that Cave or Dunwell, or any one else, that has ever told them, or stated in their hearing, what they would testify to upon the trial, or of any facts within their knowledge. And no reason is shown why the affidavits of Dunwell and Cave, Brisbin or Sanborn, are not produced. It is mere matter of hearsay, passing through two or three mouths, leaving it uncertain and indefinite where even Sanborn got a knowledge of the facts communicated to Mr. Ames. The statement in the affidavit that he expects to prove by other witnesses admissions by the Plaintiff that the note had not been paid, is also wholly insufficient, as not naming any witnesses, or stating positively that any such evidence is known, and as being cumulative and impeaching. *Graham and Waterman on New Trials, vol. 3, pp*. 1021, 1022, 1065, 1071; *also, vol*. 1, *pp*, 470-71, *and cases cited; Shurmway vs. Fowler*, 4 *John*. 425; *Dean vs. Morrell*, 1 *Hall Rep*., 382; *Shephard vs. Shephard*, 5 *Halst*., 250.

II.—No diligence is shown by the Defendant to procure testimony upon the trial of the character alleged to have been discovered. The Courts are very strict in requiring the party applying for a new trial upon the ground of newly discovered evidence to show with distinctness no want of diligence on his part. The authorities will be found collected in *Graham and Waterman on New Trials*, 472-486, *and page* 1026.

III.—If Dunwell and Cave had been produced upon the trial and testified just as Mr. Ames in his affidavit says that Mr. Sanborn told him they had stated or testified in the replevin action, it would not have changed the result. Cave only stated, as appears from the affidavit, that the note had not been paid at the time the horses were taken on the chattel mortgage, in 1857. Dunwell says the note was given for the consideration of the horses, and that it has not been paid. What has not been paid?—the note or the consideration money? It is not pretended that either of them would deny that the $1120 note had been executed and delivered to them and received by them in payment of the 700 dollars. The facts showing the payment are not denied. The decision of the referee would not have been changed by such testimony as the affidavit discloses. *Graham and Waterman*, 1093.

IV.—It appears conclusively from the evidence of John B. Brisbin and J. M. Gilman, that the note was paid and satisfied just as the referee finds.

If it is claimed that the old 700 dollar note could not be paid by the Plaintiff giving his new note for $1120, we have to say that though there are some cases in New York to the effect that a new note given for a precedent debt of the same party, will not operate as payment, even by express agreement, yet as shown by the cases referred to in 2 *Amer. L. C.*, *pp.* 180-1, and as the author well remarks, " The weight of authority in England and this country is decidedly in favor of the proposition that the new cause of action, arising from the receipt of a promissory note for a precedent debt, is a sufficient consideration to sustain an accord and satisfaction, even where the same parties are liable on the new and old note."

The New York courts are also veering back from their position upon this subject, as shown in the cases 5 *Hill*, 448, and 2 *Denio*, 410. But the case at bar does not fall within the principle of the New York authorities. The decisions of that State are based upon the proposition that a new note given for a precedent debt of the same party furnishes no consideration for a valid accord and satisfaction. Now in the case at bar, there was an additional security given, as shown by the affidavit of Mr. Brisbin, and the new note was given for more than there was due on the old note, which constitutes a good consideration for the accord and satisfaction in this case.

Furthermore, it is settled by repeated decisions in New York and other States, that a surety who gives his note for the debt of the principal, has so far paid it as to enable him to sue the principal and recover the amount. 10 *Wend.*, 500, 8 *John.*, 206; 1 *Wend.*, 430, 11 *John.*, 518 *and* 464; 7 *Cow.*, 668, 3 *Mass.*, 403; 6 *Cow.*, 301, 470. The case at bar falls within the same principle, for although the Plaintiff was liable to the creditors, yet as between the Plaintiff and Langley, the latter had made them his own debts, by assuming and promising to pay them.

V.—It is wholly immaterial whether or not the Plaintiff had paid the Dunwell and Cave note, or any of the other claims. The bond upon which the suit was based, was condi-

tioned not only to indemnify the Plaintiff against those claims, but that Langley should pay them. If Langley did not pay the claims when they became due, or within a reasonable time, the bond was broken, and a right of action accrued at once to Plaintiff upon the bond, to recover the whole amount of the claims. 2 *Parson on Contracts*, 462 *and Notes;* 1 *Hill*, 145; 10 *Wend.*, 498; 17 *John.*, 239-479; 7 *Wend.*, 499; 8 *Wend.*, 452; 15 *Wend.*, 502; 3 *Denio*, 321; 21 *Conn.*, 117, is a strong case in point, covering the whole ground.

I understand from Mr. Ames that he will claim that the assumption of Plaintiff's debts, by Wm. B. Langley & Co., at the time the Partnership was formed, was an agreement within the statute of frauds, and not binding, it not being in writing, and that the bond to pay these debts, thus verbally assumed, cannot be enforced.

We should think it was too late to raise this question, after the bond is given. But however that may be, the agreement of W. B. Langley & Co. to assume those debts, was an original and not a collateral undertaking, and therefore not within the statute. 2 *Parsons on Contracts*, *p.* 300 *et seq.*, *and Notes*.

Points and Authorities for Respondent.

I.—The referee erred in admitting and receiving in evidence the bill of sale from Patrick Keough to William B. Langley, dated February 9, 1858.

II.—Questions 4, 5, 7 and 8, and the answers thereto, of Patrick Keough's deposition, and all evidence of like character, were improperly received in evidence by said referee, for the reasons stated in the case.

The evidence thus received did not prove or tend to prove any material issue in the case, and was not competent for any purpose. The material issue made by the pleadings in this connection was whether at the time of forming the co-partnership, Langley agreed with Keough, that the new firm of William B. Langley & Co., (composed of Langley and Keough) should assume the individual debts of Keough, previously contracted. The evidence above referred to, not only

threw no light on that question, but was calculated to prejudice the Defendant, who was an entire stranger to the transactions between Keough and Langley. The purpose of the testimony was to lay the foundation for an argument, that if Mr. Langley, in case he did not assume these debts, would have made a good trade or got the best end of the bargain, then, that he did actually assume them, a course of reasoning too forced and far-fetched to be sustained in law.

Besides, if the facts sought to be elicited by the above questions were material or competent in any view, the articles of co-partnership and the bill of sale already referred to, were the best evidence, and could not be controlled or varied by oral testimony. They are presumed to contain all that transpired between the parties at that time, upon the subject to which they relate.

III.—The question asked the witness William B. Langley, sworn on the part of the defence, whether he observed or knew that the word "assumed" was in any other part of the bond at the time it was signed, was clearly proper, and the referee erred in excluding it. See *folio* 125.

IV.—The order vacating the judgment, setting aside the report of the referee and granting a new trial, was properly made by the Court below, for the reason that the conclusions of law found by the referee are not sustained or supported by the facts found by him.

The referee finds the acts which were done; the mode and manner in which what he calls payment of the Cave and Dunwell note by the Plaintiff was made; viz: "by giving to the holder thereof his other note for the sum of eleven hundred and twenty dollars." That was no payment of the debt.

It is well settled that the giving of a note, either of the debtor or of a third person, for a pre-existing debt, is no payment unless it is expressly agreed to take the note as payment. *See Hughes vs. Wheeler*, 8 *Cow. R., p.* 76; *Monroe vs. Hoff*, 5 *Denio R., p.* 360; *Porter vs. Talcott*, 1 *Cowan R., p.* 380, 382; *Tobey vs. Barber*, 5 *Johns. R., p.* 72; *Raymond vs. Merchant*, 3 *Cowan's R., p.* 147; *Sheehy vs. Manderville*, 6 *Cranch R., p.* 253; *Bill vs. Porter*, 9 *Conn., p.* 23; *Benedict vs. Green*, 15 *Johns. R., p.* 247; *Wiseman vs. Lyman*, 9 *Mass. R.*, 290; 5 *Hill R., p.* 448.

And in New York it is held, and is the settled doctrine of that State, that where the debtor gives *his own note* for a precedent simple contract demand, it will not operate as payment, so as to preclude the creditor from suing on the original consideration, though it be given *under an express agreement that it shall be received in full satisfaction and discharge.* See *Cole vs. Sackett,* 1 *Hill R., p.* 516; *Frisbie vs. McKinney,* 21 *Wend.,* 449.

V.—The order vacating the judgment setting aside the report of the referee and for a new trial was properly granted on account of the newly discovered evidence, as stated and shown in the affidavit of M. E. Ames.

This affidavit shows the discovery of the testimony given by Cave and Dunwell, upon the trial of Eddy, Fenner & Co. *vs.* Caldwell. It is new and vitally important evidence upon a material point in this case, to-wit: That the Plaintiff had never paid or settled the Cave and Dunwell note; upon that trial Dunwell swears so positively, and Cave at least inferentially.

And this cannot be disputed, because it appears in the case made and settled in that action that they did so testify. Indeed the Defendant never could have prevailed in that action, unless it had been shown that this seven hundred dollar note was unpaid; for the chattel mortgage, under which the Defendant justified in that action, would have fallen and become null if the note had been paid.

This is newly discovered evidence in the strict sense of the term, because the trial and final submission of this case before the referee took place in January last.

And the trial of the case of *Eddy, Fenner & Co. vs. Caldwell,* wherein Cave and Dunwell gave their evidence, was in May following, and was the first intimation the Defendant or his counsel had, as appears by the affidavit, that such evidence existed.

Want of diligence cannot be imputed to the Defendant in not producing this evidence on the trial before the referee.

The affidavit shows that neither he nor his counsel had any intimation of its existence; and the receipt of Cave and Dunwell, signed by their attorney, which was read in evidence

on the part of the Plaintiff, was enough to deter the Defendant from looking to Cave and Dunwell for evidence to prove the defence on this point, and as the learned Judge who granted the motion for a new trial below suggests, "the Plaintiff was justified in supposing the receipt disclosed the true nature of the transaction, and it is not strange that he could not have foreseen that the testimony of "Cave and Dunwell would be of an opposite character."

That the evidence which they gave on the trial of *Eddy, Fenner & Co. vs. Caldwell*, is material in this case to show that the debt to Cave and Dunwell had not been paid by the Plaintiff, cannot be successfully controverted, and requires no argument to establish: for the payment of the debt by the Plaintiff is the very ground upon which he seeks to recover in the action. *G. & W. on New Trials*, 1004, 1052, 1047, 1054, 1057.

VI.—The affidavits of John M. Gilman and John B. Brisbin, produced by the Plaintiff's counsel in opposition to the motion were incompetent, and ought not to be considered by the Court; because the object and purpose of these affidavits is to show that the new note of $1,120, given by the Plaintiff to Cave and Dunwell was given and received as a settlement and payment of the old debt.

That is a purely issuable fact, put in issue by the pleadings and for the jury to try; and cannot be determined by the Court upon affidavits.

The Defendant brings forward the newly discovered evidence, and the Plaintiff by these affidavits takes issue upon the truth of that evidence—and asks the Court to try the issue upon affidavits.

This cannot properly be done. It is for the jury or referee to determine the weight and strength of this newly discovered evidence, and try the issue of fact upon a new trial; and of this issue they are sole judges.

SMITH & GILMAN, Counsel for Appellant.

M. E. AMES, and GREENLEAF CLARK, Counsel for Respond't.

*By the Court.*—EMMETT, C. J.—The District Judge, as appears from the opinion on file, based the order granting to the Defendant a new trial, solely on the ground of newly discovered evidence.

On the trial before the referee it became material to ascertain whether the Plaintiff had paid a certain note given by him to Cave and Dunwell. The Plaintiff swore that he had so paid, and introduced a receipt to that effect, signed by the attorney of said Cave and Dunwell. The referee found that the Plaintiff had paid said note, and he included the amount thereof in the judgment which he reported in favor of the Plaintiff.

Afterwards upon a motion for a new trial, the Defendant introduced the affidavit of Michael E. Ames, Esq., his attorney of record, from which it in substance appears that several months after the trial of this action, the said Cave and Dunwell were severally examined as witnessess in a certain other action, in which it also became material to ascertain whether the note aforesaid was still due and unpaid ; and that upon said note being shown to said .witnesses, they each testified that it had not been paid. The affidavit further states that affiant did not know that Cave and Dunwell had so testified, or would so testify, until long after the trial of this action, and that he was informed of what they had testified to, as above stated, by Colonel John B. Sanborn, incidentally in the course of a conversation had with him. That he is informed and believes that Cave and Dunwell will so testify, if a new trial is granted ; and that he could not obtain their testimony on the trial before the referee, because he did not know the truth about the payment until long afterwards.

This affidavit is defective in many particulars. The Defendant should have produced the affidavits of Cave and Dunwell themselves, or shown some satisfactory reason for not doing so, instead of contenting himself with stating what he was informed they had or would swear to. It is not a sufficient answer to this objection that their testimony in the other case, being under the solemnities of an oath, and subject to cross examination, was as good or even better than an *ex parte*

affidavit to the same effect, for we do not even know what·
they swore to in the other case, except through the medium of
Colonel Sanborn, who makes no affidavit himselt—who is not
shown to have been present and heard the testimony, and
who, for aught that appears to the contrary, may have got his
information from hearsay merely.   Such evidence is too re-
mote to merit a moment's consideration.

But again, the Defendant does not sufficiently excuse his
want of diligence in not producing Cave and Dunwell upon
the trial.   It is not enough that he did not know what they
would swear to, and had reason to suppose that the receipt
introduced in evidence disclosed the true nature of the trans-
action.   The receipt and the evidence of the Plaintiff had
been on file for months prior to the time of trial.   The receipt
was not signed by Cave or Dunwell in person, but by their
attorney.   They and their said attorney all resided where
their testimony could easily have been obtained.   It was easy
for the Defendant to ascertain the exact nature of the trans-
action, and yet they were not called as witnesses, nor does
it appear that any information has been sought from these
sources even to this hour.   We can tell from the affidavit nei-
ther what they have, nor what they would swear to.

But the Defendant insists, aside from the newly discovered
evidence, that there is error in the record sufficient to warrant
the order granting a new trial.    He takes the position, and
insisted on it throughout the trial, that the Plaintiff could not
go outside the articles of co-partnership, to show that the firm
agreed to assume the debts which the Plaintiff had contracted
in the business prior to the formation of the partnership ; and
hence that all of the testimony of the Plaintiff as to the as-
sumption of these debts, and all evidence as to who owned
the stock at the time—how much was put in by each partner
—its estimated value, and as to the firm having paid and pro-
vided for debts of this nature, was improperly admitted.

The main question at issue on the trial was whether the firm
had assumed the debts contracted by the Plaintiff as alleged·
in the complaint—not whether they were so assumed by the
articles of co-partnership.   An examination of these partner-
ship articles shows that they relate simply to the manner in

which the business was to be conducted, how the profits were to be divided, and the losses borne, how long the co-partnership might continue, and how it might be dissolved. As to all these matters the articles are presumed to embrace the understanding and agreement of the partners, and could not therefore be varied or added to. But they are silent as to the stock to be employed; how it had been or might be obtained; how paid for, and the multifarious other matters which would necessarily arise in managing and conducting the business.

Parol evidence is admissible in cases of written instruments to prove collateral and independent facts, about which the writing is silent. *Phil. on Ev.*, 562-3, *and notes.* And we think that the agreement to assume the prior debts, created in conducting the business which the partnership was to continue, is a matter independent of the manner in which the business was to be conducted, the division of profits and losses, or the continuance or dissolution of the firm, and wholly collateral to the subjects embraced in these articles. That evidence tending to show such an agreement was properly admitted; and for this purpose not only was the positive testimony of the Plaintiff on that point receivable, but also the evidence of facts tending to confirm his testimony—such as that of his putting in the entire stock—its estimated value —what he was paid thereon and how—on what terms he withdrew, and the fact that the firm did pay and provide for paying debts of this kind. All these, though not conclusive of themselves, yet tended to sustain the Plaintiff's testimony, and when considered together seem inconsistent with any hypothesis other than that of an assumption of these debts on the part of the firm.

This holding, it is believed, covers all the material objections raised as to the evidence introduced by the Plaintiff.

The question asked of the witness Langley introduced by the Defendant, as to whether he had observed the word "assumed" in the bond given by himself and the Defendant, was an indirect attempt to vary the terms of the written instrument on which the action was brought, and was therefore properly excluded.

Great confidence was also expressed in the point, that the facts found by the referee as to the payment of the note to Cave and Dunwell, by the Plaintiff, do not warrant the conclusion that the note was paid. The referee finds that the Plaintiff " paid and satisfied said note (the Cave and Dunwell) by giving to the holder thereof his other note for $1,120." The sum for which the new note was given, exceeded the amount found to be due on the old, by about $118, and to the extent of this excess there was a consideration for the payment, over and above the mere giving of a note for a precedent debt. There can be little doubt that parties may by express agreement make the giving of a note or bill of exchange for the amount of an existing debt, operate as a payment of such debt; and still less, that they may do so where a new and additional consideration passes from the debtor to the creditor. The only doubt heretofore has been, as to whether, without an express agreement to that effect, the mere giving of a note or bill for a precedent debt, extinguishes the debt; yet even in such cases, according to the note of the learned editors of the *American Leading Cases*, in which the various decisions are reviewed, " the weight of authority in England and in this country is decidedly in favor of the proposition that the new cause of action arising from the receipt of a promissory note or bill of exchange, for a precedent debt, is a sufficient consideration to sustain an accord and satisfaction, even where the parties are liable upon the new and old note." 2 *Amer. Leading Cases*, 181.

The order of the District Court setting aside the judgment and report of the referee, and granting a new trial, is reversed.