## John H. Goenen

### *vs.*

## John W. Schroeder, *et al.*

An action was commenced before a justice of the peace, under Comp. Stat. ch. 77, sec. 12, [Gen. Stat. ch. 84, sec. 11,] by S , who had foreclosed a mortgage on G.'s land by advertisement, to obtain possession of the mortgaged premises, after the expiration of the time of redemption; the complaint setting out the foreclosure proceedings and the other allegations required in such an action, which, however, were not put in issue by the answer. Judgment was rendered by the justice for plaintiff, which

Goenen v. Schroeder et al.

being removed on certiorari to the district court and there affirmed, that judgment was, on error, affirmed in this court, (8 *Minn.* 387) and S. was put into possession. G. then brought this suit to redeem from S. as mortgagee in possession, and for an account of rents and profits, &c. *Held*, that the said former suit and proceedings were not a bar and defence thereto, and did not estop G. from questioning the regularity of said foreclosure.

The sheriff's certificate, required on a sale on foreclosure by advertisement, [Com. Stat. ch. 75, sec. 10,] is evidence that a sale took place.

So is a sheriff's deed executed thereon [sec. 12], though the sale was to the mortgagee, and the deed was made to him.

It is not a valid objection to such sale that the notice of sale stated that it would take place on October 26th, 1861, and the last publication of such notice, [making the full period of six weeks required by law,] was on October 16th.

Comp. Stat. ch. 84, sec. 61, does not apply to the affidavits provided for by ch. 75, sec. 14. Hence it is no objection to a printer's affidavit, under the latter, that it does not appear that the notice attached thereto was taken from the newspaper, in which it is stated to have been published.

The mortgage note was for $240 with interest at five per cent. per month after due. After maturity G. gave S. his note for $95, which embraced $40, then lent to him by S., and the interest then due, as computed and agreed by the parties, at the rate of two and one-half per cent. per month after maturity; which said note was by their mutual agreement given in payment of the interest up to that date. Thereafter and before said foreclosure, S. recovered judgment against G. on said $95 note. *Held*, that the said note operated as a payment of the interest up to that date; and an objection, that S. was not in a position to foreclose his mortgage by advertisement, because he had obtained a judgment at law for a part of the debt then remaining secured by said mortgage, could not prevail.

An indorsement at the time by S. on said mortgage note, "Received on the within, interest up to date," the giving of said $95 note, and S.'s testimony that "it settled the interest to the date of the indorsement. It was the understanding between us that it settled the interest to date," were evidence to prove that the note was given and taken in payment of the interest.

This action was brought in the district court for Hennepin county and was tried by the court without a jury. Judgment

was ordered and entered in favor of defendants, from which the plaintiff appeals. The case is sufficiently stated in the opinion of the court.

L. M. BROWN, for Appellant.

HENRY J. HORN, for Respondents.

*By the Court.*—RIPLEY, CH. J.—The mortgage, which is the subject of this action, is that upon the foreclosure whereof by advertisement and expiration of the year of redemption, the respondent, Schroeder, the mortgagee, commenced the proceedings before a justice of the peace to obtain possession of the mortgaged premises, wherein the justice's judgment for the plaintiff being removed by certiorari to the district court, and there affirmed, that judgment was on error, affirmed in this court. *Goenen vs. Schroeder*, 8 *Minn.* 387.

The present action, ignoring the foreclosure proceeding, alleges a taking of possession by Schroeder as mortgagee after condition broken, the receipt of rents by him, and waste done and suffered by him of the premises, to an amount exceeding the mortgage debt, and prays that an account be taken thereof, the mortgage decreed satisfied, and judgment for plaintiff for any balance found due him on such accounting.

Schroeder's answer sets up the foreclosure and the expiration of the time of redemption, and the sheriff's deed thereon of the land to him, claiming thereby to have become the owner. He also sets out the former suit and proceedings above mentioned, and relies thereon as a bar to this action; and the district judge finds as a conclusion of law in this case, which was tried by him without a jury, that the same, (the complaint in which set forth said foreclosure proceedings, and the other allegations required in an action to recover possession of land

Goenen v. Schroeder et al.

under Comp. Stat. ch. 77, sec. 12, but which were not put in issue by the defendant in that suit,) offered ample opportunity to the plaintiff to contest the regularity of said foreclosure proceedings, and to try the plaintiff's title to said premises; that the same estop the plaintiff in this suit from raising herein any question touching the regularity of said foreclosure proceedings, and are a bar and full defence to this suit.

In this the district judge erred. The effect of a judgment of a court of competent jurisdiction, as a bar, is limited to questions in issue, or which the claimant was bound to raise therein; and does not include all claims, which might have been litigated therein, but only such matter as might have been litigated under the pleadings and issues as made. *Mathews vs. Duryee,* 17 *Abb. Pr.,* 256; *S. C.* 45 *Barbour,* 69; 4 *Keyes,* 525; *Barth vs. Burt,* 17 *Abb. Pr.* 349; *S. C.* 43 *Barb.* 628; *Demarest vs. Darg,* 32 *N. Y.* 281; 2 *Parsons' Contracts, Pt.* 2, *ch.* 3, *sec.* 9.

But a justice has no jurisdiction of any cause involving the title to real estate. (*Const., art.* 6, *sec.* 8.) The defendant in the justice's suit, therefore, could not be bound to raise a question therein which the justice could not try. This court held, indeed, in Goenen vs. Schroeder above cited, upon Comp. Stat. p. 502, sec. 38, that the title to real estate does not come properly in issue on the pleadings in such an action, but is raised by the evidence; and, therefore, though the issue made by the answer may involve the title, yet the justice is not thereby ousted of his jurisdiction. He is so ousted, however, so soon as evidence is offered in support of it, which comes to the same thing.

It may be admitted, that, if the defendant had put in issue by his answer the regularity of the foreclosure, and had offered evidence supporting the issue on his part, the justice would have thereupon certified the case to the district court, (*Goenen*

*vs. Schroeder,* 8 *Minn.* 391,) in which court the issue might have been tried and decided; but on this supposition, it is obvious that the opportunity, which the justice suit offered defendant, was to remove the case to another court, and have such questions decided there, and to have no judgment at all rendered by the justice. If Schroeder saw fit to seek possession by such summary proceedings, where the question of title could not arise upon the pleadings, he could not thereby make it obligatory on Goenen to remove the suit into the district court, in order to try title with him. Practically, however, if the position of the district court be correct, he might do so. The general rule being, that a judgment on the same matter in issue is a conclusive bar,—very high authorities differ as to whether, if to trespass *quare clausum,* soil and freehold, in himself, are pleaded by the defendant, a judgment in such action can be pleaded in bar to a writ of entry. (2 *Parsons Contr. supra.*) But no one would contend, that if to trespass *quare clausum,* a defendant should omit to plead soil and freehold in himself, the judgment in that action would estop him in a writ of entry.

Abstractedly considered, therefore, the decision of the court below cannot be sustained, and on the facts it is obvious that in this case no estoppel arises on the suit and proceedings aforesaid.

The answer in the justice suit set up, that under the foreclosure sale defendant had three years to redeem, and pleaded a tender within that time. The defendant made a motion to dismiss on the ground that the complaint did not state a cause of action; but it went off on the question whether the title of land could be involved by the pleadings within the meaning of the constitution, the justice deciding that it could not. One witness was sworn and examined, but his evidence does not appear, and the justice rendered judgment for the plaintiff on the ground that defendant had but one year to redeem.

The district court, upon the *certiorari*, and the supreme court, on error, passed upon the questions above stated and those only.   8 *Minn.*, 391.

Since, therefore, the judgment in said former action does not estop the plaintiff here, we have carefully examined the objections now made to the foreclosure, in connection with the supplementary as well as with the original findings. It is true that these supplementary findings in some respects do more than supply omissions in the findings of fact or law upon material issues. (*Conklin vs. Hinds*, 16 *Minn.*, 457 *and cases cited.*)   They state the evidence upon which certain findings were based.   To that extent they are irregular.   If the plaintiff desired the benefit of such matters on the appeal, he should have embodied them in a case.

Giving him, however, the full benefit thereof, we see no reason for reversing the judgment of the court below, and have therefore overlooked the irregular way in which they are brought to our notice.

The court below finds that the plaintiff made default in the payment of the note secured by said mortgage, and that defendant Schroeder proceeded to foreclose said mortgage by advertisement, " as alleged in said answer ; " i. e., among other things, by sale of the property therein described on October 26th, 1861, at public vendue to Schroeder for $280.55.

Upon which the plaintiff objects, that there was no competent evidence given upon the trial that the premises were ever actually sold.

The statement of the supplementary findings is, that there was no evidence of said mortgage sale taking place save the sheriff's certificate of sale thereon, executed in due form and properly recorded, and the sheriff's deed thereon in the usual form and duly recorded.

By Comp. Stat., ch. 75, sec. 10, it was the duty of the officer

making the sale to give the purchasers a certificate in writing under seal, setting forth a description of each tract sold, the sum paid therefor, and the time when the purchaser will be entitled to a deed, if not redeemed ; which shall be evidence of the facts therein contained.

With respect to a similar certificate required on sales on execution, [*Comp. Stat. ch.* 61, *sec.* 112,] it is said that "so far as it is necessary to show the facts and circumstances of the sale, there could be no better evidence than the certificate required by statute."   *Bidwell vs. Coleman,* 11 *Minn.,* 89.

The plaintiff says, however, that this certificate could only be evidence of what the law required it to contain, not of its recitals. We are not furnished with the certificate, or any statement of its contents ; but, since it was in due form, it must have contained a description of the property sold, the sum paid for it, and the time at which the purchaser would be entitled to a deed, the statement of which necessarily involves, as part and parcel thereof, the fact that a sale took place. Whatever facts are necessary to make the certificate *intelligible* with respect to the matters which it is required to set forth, are necessarily *contained* in it and evidence.

So, too, the law provides that if the premises so sold shall not be redeemed, it shall be the duty of the officer to complete the sale by executing a deed of the premises to the purchaser. When, therefore, a deed is produced, purporting to be executed on a sale in conformity to this provision, the presumption is, that a sale took place.

The plaintiff contends that the sheriff's deed was a nullity in this case, because the mortgagee was the purchaser, referring to *Comp. Stat., ch.* 75, *sec.* 19.

In *Daniels vs. Smith,* 4 *Minn.* 172, it is said that this section was probably intended to apply to cases in which the mortgagee himself acted as auctioneer, and struck off the premises

Goenen v. Schroeder et al.

to himself; and so it is again said in *Ramsey vs. Merriam*, 6 *Minn.* 168, *p.* 175, though in the same case it is expressly held that such purchase by a mortgagee would be invalid.   On any other theory, however, and taking the whole statute together, it is difficult to give any rational meaning to this section.

And supposing such to be the correct theory, it would certainly be the sheriff's duty to make the deed in cases in which the mortgagee becomes the purchaser on a sale made by that officer. (4 *Minn.*, 172; 7 *Minn.*, 167.) In some cases it might become essential, as, for instance, in case of the officer's death before giving his affidavit, which the purchaser *may*, not *must*, procure, and which, in such event, he might without any negligence on his part be unable to procure.   In such case, the deed, which the sheriff's successor might execute, would still be a bar of any claim by the debtor.

And considering that the procuring of the affidavit is optional, a deed would seem proper, at least, in all cases of sales by the sheriff, whatever construction be put on sec. 19.

The notice of sale stated that the sale would take place on October 26th, 1861, and the last publication was on the 16th October.

The plaintiff contends that the sale must be on the last day of the time prescribed for publication, citing Comp. Stat. ch. 72, sec. 43 ; that the time for publication of legal notices must be computed "so as to exclude the first day of publication, and to include the day on which the act or event of which notice is given is to happen, or which completes the full period required for publication," which plainly does not support the theory of the plaintiff; for if the notice is published for six full weeks, (the full period required for publication), exclusive of the day of sale, it is by the very terms of the law itself sufficient, though the day of sale be not included.

In Worley vs. Naylor, 6 Minn., 192, a notice was held good,

which was published for six weeks, excluding the first day of publication, and including the last, which was also the day of sale, against the objection that such notice was insufficient, but it seems a singular objection for a mortgagor that, after six weeks notice given, further time is allowed before sale. Unless the day of sale should be fixed so long after the publication as to lead to an inference of an unfair design, there would seem to be no ground to object to it.

*Atkinson vs. Duffy,* 16 *Minn.,* 45.

It is further objected, that it does not appear that the notice attached to the printer's affidavit was "taken from the newspaper," in which it is alleged to have been published.

Section 61, ch. 84 of the Comp. Stat., from which this provision is cited, in no way applies to the affidavits provided for by ch. 75, sec. 14, sub. 1. It refers to altogether different matters.

Further, the plaintiff objects that on the 4th September, 1861, the date of the first publication, Schroeder was not in a position which entitled him to foreclose his mortgage by advertisement, inasmuch as he had, as plaintiff alleges, obtained a judgment at law for part of the debt then remaining secured by such mortgage, and had not issued execution thereon.

As to this, the facts are found to be, that the note secured by the mortgage, dated August 3d, 1858, was for $240, payable in eight months, with interest after due at the rate of five per cent. per month till paid ; that on January 4th, 1860, the same being wholly unpaid, Goenen gave Schroeder his note for $95, which sum embraced $40, then lent to him by Schroeder, and also the interest at that date due upon the original note, as computed and agreed on by the parties ; and said note was by their mutual agreement given in settlement of the interest up to said date; that on August 12th, 1861,

Goenen v. Schroeder et al.

Schroeder commenced an action at law on said $95 note against Goenen, in which judgment was duly rendered on the 2d September, 1861.

The court below used the word "settlement" in the sense of *payment*, not of computation or adjustment. The parties had already agreed to compute, and had computed the interest due on the note at fifty-five dollars, i. e., at about two and one-half per cent. a month after maturity, instead of five, and thereupon the note is given to *settle*, i. e., to *pay* the interest to date. That this is what the court means, appears from the further finding, that on the note under date of January 7th, 1860, is the indorsement, "Received on the within interest up to date," and from the conclusion of law, that at the date of the foreclosure notice the interest no longer remained part of the debt secured by the mortgage; for nothing but payment of the debt, or a release, will discharge a mortgage.

The doctrine of this court is, that parties may by express agreement make the giving of a note or bill of exchange for the amount of an existing debt operate as a payment of such debt; especially that they may do so, where a new and additional consideration passes from the debtor to the creditor. *Keough vs. McNitt*, 6 *Minn.* 513.

In this case the debtor agreed in writing upon the interest, which, at that date, under the then law and the decisions of this court, he might do, tho' it was more than seven per cent. per annum; (7 *Minn.* 5 69; 8 *Minn.* 202;) and the parties expressly agreed that this note should be given in payment of such interest so computed.

Again, in any view of the law as to interest, the debtor was liable to pay interest on the original note after maturity at seven per cent. per annum. A promissory note therefor would be valid, and a promissory note for interest at two and one-half per cent. a month would be a note for the amount of the

interest legally due, and more ; and to the extent of that excess there would be a consideration for the taking the note in payment, over and above the mere giving of a note for a precedent debt. *Keough vs. McNitt*, 6 *Minn.* 525.

It is an established qualification of the general rule, that payment only will extinguish a mortgage debt, that, where the particular facts of the case indicate the intention and understanding of the parties to be that the substitution of a new security shall operate as payment of the old debt, the mortgage is held to be discharged. ( 1 *Hilliard on Mortg. ch.* 17 *p.* 24 ; *Fowler vs. Bush*, 21 *Pick.* 230.) Here there is an express agreement that it shall so operate.

The plaintiff insists that the evidence disclosed by the findings on this point does not even *tend* to prove payment. That evidence is stated by the court below to have been the indorsement, which was certainly evidence tending to prove payment under Gen. Stat. ch. 73, sec. 83 ; the giving of the $95 note ; and the testimony of Schroeder, " that it settled the interest to the date of the indorsement. It was the understanding between us that it settled the interest to date."

This was evidence which *tended* to prove that the note was given and taken in payment of the interest.

The plaintiff's suggestion that Schroeder did not treat the note as payment, because he included in his notice and bid nearly the precise amount then legally due, i. e., reckoning interest at seven per cent. after maturity, seems not to be founded in reason or probability.

If the interest agreed and put into the $95 note had been included, the notice would have claimed $322.86. If it had included interest at seven per cent. per annum after due, as plaintiff thinks it was intended to, it would have claimed $280.55. The amount, including interest from January 7, 1860, at seven per cent. per annum, would be $267.76 ; the

Goenen v. Schroeder et al.

amount actually claimed was $277.52. This, the judge finds, was by mistake for the sum last above mentioned.

The property was struck off to Schroeder for $280.59. Both parties agree that there was an error in the computation of the amount due at the date of the notice, and too insignificant to affect the sale, (*Ramsey vs. Merriam*, 6 *Minn.* 173,) especially as Schroeder might have legally claimed more still within 7 *Minn.* 469.

The plaintiff, however, to make out his theory must not only suppose such an error, but that Schroeder did not include in his bid interest after the date of the notice, or the ordinary expenses of sale; a supposition too unlikely to be supported simply by the near approximation in amount referred to by the plaintiff as aforesaid.

Judgment affirmed.

After the filing of the foregoing opinion, the appellant moved for a re-argument, upon the decision of which motion the following opinion was rendered:

*By the Court.*—RIPLEY, CH. J.—The motion for a re-argument appears to have been made under a misapprehension of the point decided with respect to the effect of the certificate of sale as evidence. The appellant did not bring up the certificate. Therefore this court, being ignorant of what it actually contained, could not and did not pass upon the sufficiency of any *recitals* of the fact of sale therein contained as evidence thereof.

But the district court had found as a fact, that "there was no evidence of said mortgage sale taking place save the sheriff's certificate of sale thereon executed in due form     *     *     * There was no separate affidavit of sale by the sheriff as auctioneer."

This court held thereupon, that since it was in due form, it must have contained a description of the property sold, the sum paid for it, and the time at which the purchaser would be entitled to a deed, the statement of which " necessarily involves, as part and parcel thereof, the fact that a sale took place. Whatever facts are necessary to make the certificate intelligible with respect to the matters which it is required to set forth, are contained in it and evidence."

It will be seen that the fact, that a sale took place, cannot be said to be *inferred* or inferentially proved, as the appellant has construed the opinion.

That a sale took place is one of the facts, which the court hold *must* be stated in any properly drawn certificate, and hence that it is one of " the facts therein contained," of which it is evidence.

It is also evident, that neither the finding nor the opinion exclude in this case the application of the ordinary rule, that it will be intended that all the facts necessary to a valid foreclosure were proved in the court below.

As to the *time, place* and *manner* of sale, the appellant urges that such rule cannot apply, because " the fact of sale involves and includes a *time, place* and *manner* of sale ; without the first, none of the others *could exist.*" That is true ; but it does not follow that the statement of the matters, which a certificate must set forth, will necessarily involve a statement of all the said facts and circumstances of such sale. If it does, the statement thereof will be evidence, ( 11 *Minn.* 89.) · Otherwise, and to the extent that it may be unnecessary, it will not be evidence.

Neither the actual certificate, nor the evidence in the case being before us, we were of course to presume that, as to all the particulars mentioned, the court found in favor of the validity of the foreclosure upon competent evidence. Nor

were we in any way called on, except as above, to pass upon what a certificate of sale in the abstract would necessarily contain.

The cases referred to by the appellant do not seem to us to conflict with our decision.

The motion is denied.