THOMAS E. BENNETT *et als.*, Appellants, *vs.* GEORGE HEALEY, Respondent.

### APPEAL FROM THE DISTRICT COURT OF WINONA COUNTY.

A mortgagee sold a piece of land under a foreclosure by advertisement by virtue of a power of sale contained in the mortgage, authorizing him to sell and pay himself whatever was due on the mortgage. In the notice of sale he claimed about twice as great a sum to be due as was actually due upon any calculation that could be made upon the terms of the note or mortgage. He became himself the purchaser, bidding the full amount alleged to be due. He refused a subsequent mortgagee the privilege of redeeming by paying what was in fact due, but insisted upon the whole sum bid being paid, and interest. The second mortgagee paid the whole amount under protest and brought suit to recover back the excess. *Held,* the action would lie. *Held also,* that a foreclosure under the statute by advertisement, which is regular within the terms of the power, is binding upon subsequent incumbrancers, notwithstanding they have no notice except such as is conveyed to them through that published in the newspaper.

The cases of *Bidwell vs. Whitney,* 4 *M. R.*, 76, and *Banker vs. Brent, Id.,* 526 commented upon and explained.

This is an action for money had and received. The complaint charges, that on the 3d day of October, 1856, the Defendants were partners in business under the firm name of Taylor, Bennett & Co.; that on said day one Chas. Moore was the owner in fee simple of 160 acres of land in the county of Winona. That on said day said Moore executed and delivered to Defendant, Thomas E. Bennett, as a member of said firm, a mortgage upon said premises to secure the payment of two promissory notes of even date therewith,—one for $345 and

due in six months, and the other for $390, due in one year; that the mortgage was recorded in the proper office on the 11th of October, 1856; that said Moore and wife by deed of conveyance, dated March 19th, 1857, and duly recorded on the 22d of March, 1857, conveyed the said premises to one C. C. Cook; that on the 8th day of July, 1857, said Cook executed a mortgage to the Plaintiff upon said premises, to secure the payment of $650 in one year, with interest at the rate of 3 per cent. per month, payable quarterly, which mortgage was duly recorded on said last named day; that the same is still the property of the Plaintiff, in full force and unpaid; that prior to said 8th of July said Moore had paid the first note herein first mentioned to the Defendants; that prior to the 1st of January, 1859, the following payments had been made to the Defendants upon the said second note, to-wit: by said Moore in the summer of 1857, $100, and shortly after, $50, and on or about the 14th of December, 1858, by said Cook, $77.95; that in the month of June, 1859, the Defendant Bennett, by virtue of a power of sale contained in said mortgage executed by said Moore to him, and pursuant to the statute in such case made and provided, caused to be published a notice, a copy of which is attached and made part of the complaint; that the mortgage described in said notice is and was the one executed by said Moore to said Bennett; that in pursuance of said notice he caused said premises to be sold by the Sheriff of said county on the 18th of July, 1859; that upon said day and at the time and place specified in said notice, said premises were duly sold by said Sheriff to said Bennett for $410; that that sum was claimed in said notice and by said Bennett to be due upon said note and mortgage, and costs of sale; that there was no greater sum at that time due than $200, and that $410 was not then due thereon as claimed by said Bennett; that the Plaintiff desiring to redeem the said premises as provided by statute, from said Bennett, and being ready and willing to pay said Bennett the amount that might be due him upon said mortgage, and interest and costs of sale, on the 17th of July, 1860, informed said Bennett that he was then ready and willing so to do, and re-

quested said Bennett to inform him of the dates and amounts of the payments made thereon or to exhibit to him said note executed by said Moore ; that said Bennett refused so to do and refused to receive for the redemption of said premises any less sum than $410 with interest at 12 per cent from and after the 18th of July, 1859, amounting in all to $459.20 ; that the plaintiff was and still is unable to ascertain the exact amount due to said Bennett on said note and mortgage, for the reason that said Moore (who is the only one aside from said Bennett having knowledge thereof,) has departed this State and now resides in the State of New York ; that after such refusal the Plaintiff did on said 17th of July, 1860, pay over to Lynch R. King, Sheriff of said Winona county, as provided by statute, $459.20, for the purpose of redeeming said premises from said Bennett ; that upon the payment of said money by Plaintiff to said Sheriff, he protested against the payment thereof and informed said Sheriff that the same was paid under protest, and that no greater sum than $260 was actually due for the purpose of redeeming said premises, of which said Bennett was informed at time of payment of the money to him by said Sheriff ; that at the time of the purchase of said premises at said mortgage sale by said Bennett no money was paid therefor by him or by either of the Defendants to the Sheriff, or any one else, nor has there been any paid since ; that there is not now and was not on said 17th of July due upon said note and mortgage any greater sum than $260, inclusive of principal, interest, and costs of sale ; that although that sum was tendered to said Bennett he refused to accept the same ; that all the acts of said Bennett were the acts of the other Defendants also and were done as one of the firm of Taylor, Bennett & Co.; that the sum of $199.20 was over paid to said Bennett, and by him wrongfully received ; that on the 17th of July, 1860, said Cook, for a valuable consideration, assigned to Plaintiff his right, title and interest in and to all surplus moneys that might remain out of the proceeds of said mortgage sale of said premises, after paying the amount due to Defendants ; that he has demanded payment of the Defendants of the sum of $199.20, so wrongfully and unlawfully received and claimed by said Defend-

ants, yet they have refused to pay the same or any part thereof.

The Defendants demurred to the complaint, on the ground,

1st. There is a defect of parties as to the Defendants.

2d. That the complaint does not state facts sufficient to constitute a cause of action.

The Court overruled the demurrer.

Points and Authorities for Appellants.

I.—The complaint in this case shows that the premises were duly advertised by the Defendants and sold by the Sheriff of the proper county; that they were bid off by the Defendant upon the sale for no greater sum than they claimed to be due to them in the notice of sale and upon the sale; that Moore, the mortgagor, Cook, the purchaser of his equity of redemption, and this Plaintiff, the mortgagee of Cook's equity, had each due notice of the sale and the sum claimed by the Defendants to be due to them upon the mortgage, and that neither ot. these parties took any steps to have the amount due upon the mortgage assessed, or raised any objection to the amount claimed by Defendants, prior to or upon the sale, and no excuse of any kind is claimed to exist accounting for the neglect. The complaint therefore shows upon its face that no cause of action exists in favor of the Plaintiff against the Defendants.

1st. The foreclosure of a mortgage by advertisement stands upon the same footing as a suit at law or a foreclosure in chancery, and the sale is equivalent to a final judgment or decree, and where the purchase money does not exceed the amount claimed in the notice of sale there is no surplus money and this action does not lie. *Bidwell vs. Whitney*, 4 *Minn. R.*, 516; *Banker vs. Brent*, *Id.*, 521.

2d. It was never heard that a party might in a court of law or equity litigate any matter involved in a final judgment or decree against him until after, upon a case made obtaining leave to defend, or getting the judgment or decree set aside; and there can be no claim made, that in this action there is a case made which would authorize the Court to do either, or

that which would in effect amount to either of these things; because the complaint contains no averment of either mistake, inadvertance, surprise, fraud or collusion.

3rd. It is well settled upon authority that a party having an interest in an equity of redemption, although not made a party to a bill of foreclosure, is not entitled after final decree made, to an accounting, but is bound by the decree so far as that is concerned, unless he avers and proves that the same was procured through fraud or collusion. *Roswell vs. Simonton*, 2 *Carter Ind.*, 516; *Weedler vs. Deeble*, 1 *Ch. Cas.*, 299; *Sherman vs. Cox*, 3 *Ch. Rep.*, 46; *Haines vs. Beach*, 2 *John. Ch. R.*, 459; 2 *Spence Eq. Jur.*, 812.

II.—But if the facts stated in the complaint under any circumstances could be considered sufficient to authorize the court to permit the Plaintiff to have an accounting, or to set aside the sale; still he is not entitled to recover:

1st. The complaint shows that the Defendants at all times claimed that there was due to them upon the mortgage and for costs of sale $410, and at the time of the redemption by the Plaintiff claimed that amount with interest accruing after the sale, in all amounting to $459.20; that at that time and for aught that appears for a long time prior to the sale, the Plaintiff knew that in law and in fact there was but $260 due upon the mortgage, and yet with this knowledge and with a knowledge of all the facts in the case, he paid over the whole amount claimed by the Defendants.

The payment was therefore voluntary and no part of it can be recovered back either at law or in equity. *Mowatt vs. Wright*, 1 *Wend.*, 355; *Clarke vs. Dutcher*, 9 *Cow.*, 674; *Brisbane vs. Dacres*, 5 *Saund.*, 144; *Bibbie vs. Lumley*, 2 *East.*, 469; *Bulkely vs. Stewart*, 1 *Day.*, 133; *Lyon vs. Richmond*, 2 *John. Ch. R.*, 51, 59, 61.

In the case of *Bulkely vs. Stewart*, *supra*, the Supreme Court of Connecticut say: "This action does not lie to recover back money voluntarily paid on a claim which the party disputes though he pay it, expressly reserving his right to litigate his claim."

2d. It is no answer to say that the Plaintiff had no other alternative but to pay all the moneys demanded by the Defend-

ants upon the redemption, or lose his lien upon the premises. Because (if he was not foreclosed by the sale from bringing an action to redeem,) a bill to redeem mortgaged land may be maintained without a previous payment or tender, if the mortgagor on request neglects or refuses to render his account. *Roby vs. Skinner*, 34 *Maine*, 4th *Ed.*, 270; *Stapp vs. Phelps*, 7 *Dana*, 300.

The assignment by Cook to the Plaintiff does not place him in any better position, for if Cook himself were the Plaintiff the same argument would apply with equal force to him ; he could confer no greater right than he himself had.

The judgment of the Court below should be reversed.

Points and Authorities of Respondent.

The Court below properly overruled the demurrer of the Appellants. Because,

I.—It does not appear that there is any defect of parties defendant.

This ground of demurrer will lie only for a deficiency, not for an excess of parties. *Wallace vs. Eaton*, 5 *Howard*, *Prac. Reps.*, 99; *Goncelier vs. Foret*, 4th *Minn. Rep.*, 13.

In the case at bar, the second mortgagor, Cook, has no interest in the matter, having assigned any right he might have to the Plaintiff. The first mortgagor, Moore, has assigned all his interest in the land to the second mortgagor, Cook. And the Sheriff, who sold the land, and received the redemption money, can have no interest in the matter, having already paid over the money. And moreover, in all that he did in the premises, he cannot be considered as performing any official act, but simply acting as the agent of the Appellants.

II.—The complaint does state facts sufficient to constitute a cause of action:

1st. The payment of the money by Respondent to Appellants was not made under such circumstances as to constitute " a voluntary payment," and thus estop the Respondent from maintaining an action to recover it back. *Fulham vs. Down*, 6th *East. Rep.*

While it is true, as a general proposition, that a party is

estopped by a voluntary payment of an illegal demand, yet the rule must be applied in each case according to the circumstances of that particular case. It is one of those rules in which "the circumstances of the case constitute the law of the case." *Duke de Cadoval vs. Collins, 4th Adol. & Ellis,* 858; *Payne vs. Chapman, 4th Adol. & Ellis,* 364.

To the point, that the Respondent was not estopped from recovering back money paid under such circumstances, see *Harmony vs. Bingham, 2d Kernan,* 99. Also cases there cited. Also, *Findley vs. Adams,* 2 *Day,* 369; *Riply vs. Gelston,* 9 *John.,* 201; *Clinton vs. Strong,* 9 *John.,* 369; *Elliott vs. Swartout,* 10 *Peters,* 137.

2d. The Respondent was not in any sense barred or concluded by the amount claimed by Appellants, as due on their mortgage, in the notice of sale. *Bidwell vs. Whitney,* 4 *Minn.,* 76; *Banker vs. Brent,* 4 *Minn.,* 521.

The Appellants claim that the foreclosure by advertisement stands upon the same footing as a foreclosure in Chancery. That the amount claimed in the notice of sale, if not objected to before sale is conclusive upon all parties having any interest in the premises; and that if they do not object before the sale it is final and conclusive against them, unless they make a case sufficient to open a judgment by default.

These positions they base on what we submit, is an erroneous assumption as to what was decided by this Court in the cases of *Bidwell vs. Whitney and Banker vs. Brent,* 4 *Min.*

These cases we respectfully submit do not decide as claimed by the Appellants.

The two cases above referred to were actions brought by the mortgagor to recover a constructive surplus where the mortgagee had bid in the property and no money was ever in fact received by him.

This action is brought by a subsequent incumbrancer for money actually received by the mortgagor.

Now admitting that as between the parties to the mortgage, the foreclosure is in the nature of a judicial proceeding and as conclusive as a judgment, we submit,—this is by no means true of a subsequent purchaser, who can in no sense be considered a party to these proceedings.

The mortgagor has actual notice of the mortgage and of its conditions and is bound to know the consequence of a non-performance of its conditions.  By the execution of the mort-gage he may perhaps be considered in a condition analagous to one who has executed a warrant of attorney to confess judgment.

But a subsequent incumbrancer has not necessarily any actual notice of the existence of the prior mortgage, much less of the conditions of the note secured by it.  He has no notice of the foreclosure proceedings, is not a party to or named in them.  A party is entitled to his day in Court. Judicial proceedings will estop only the parties thereto, and a man cannot be estopped by their proceedings *in pais*, to which he is not a party.  Nor is he required to excuse his neglect in not objecting to such proceedings, for he has been guilty of no laches.

Hence we claim that the remarks of the court as to the effect of a foreclosure are not and cannot be applicable to a subsequent purchaser.

As no notice of foreclosure by advertisement is required by our statutes to be served on subsequent purchasers, notice of such proceedings is not to be presumed against them.  The presumption is that they had no notice of the proceedings.

SARGEANT & FRANKLIN, Counsel for Appellants.

BERRY & WATERMAN, and NORTON & MITCHELL, Counsel for Respondent.

*By the Court.*  FLANDRAU, J.—The note to which the mort-gage in this case is security, is disembarrassed of all questions of penalty, compound interest and similar issues that have characterized previous cases.    It was simply a note for $390, dated on 3d day of October, 1856, and payable in one year from date.   There can be no difference of opinion about the amount due on such a note, except through disagreement as to payments that may have been made, which is a mere ques-tion of fact.  The mortgagee claimed in his notice of sale $381 25, a sum, according to the complaint which must be

taken as true, double the amount due on the note. He became the purchaser himself, bidding the full amount claimed to be due. No money changed hands, which is usually the case in such transactions.

The previous cases decided by this Court have all arisen between the mortgagor and mortgagee in the mortgage that was foreclosed. This, however, is between the original mortgagee and a subsequent mortgagee of the same lands. We pointed out in the case of *Bidwell v. Whitney*, 4 *M. R.*, *p.* 89, the various methods of relief open to even a mortgagor who had suffered a foreclosure to pass without objection, where the excessive amount claimed was in pursuance of his own express stipulations. A subsequent incumbrancer cannot be in a worse position. This foreclosure statute, it is true, makes no provision for notice being given to subsequent incumbrancers, other than such as is conveyed to them through the one published in the newspapers. However we may disapprove of the wisdom of such a provision, there can be very little doubt of the power of the Legislature to declare such a notice sufficient, and make it conclusive on all subsequently interested, and less doubt that such was the intention in this particular statute. It is expressly declared by section 17, that the conveyance made on the sale " shall be an entire bar of all claim or equity of redemption of the mortgagor, his heirs and representatives, and of all persons claiming under him or them by virtue of any title subsequent to such mortgage." Language could not be more explicit, and it can receive but one construction. In the cases of *Bidwell vs. Whitney*, 4 *M. R.*, 76, *and Banker vs. Brent.*, *Id.* 521, the mortgagors sought a recovery of money from the mortgagees, under circumstances which involved the repudiation of their express stipulations, which stipulations had been acted upon by the mortgagees, and such action acquiesced in. The mortgages were in all respects regular. The relief sought was, of course, denied, as inappropriate and inequitable.

In the case at bar, the proceedings on the part of the mortgagee, who foreclosed, were irregular and oppressive. He arbitrarily and wantonly claims a sum due about twice as great as the true sum. This, in itself, would be sufficient to set

aside the sale. *Annan vs. Spencer,* 4 *M.R.,* 542. We have always held that a mortgagee should state, with substantial accuracy, the amount due at the date of the notice, and that in doing so he might, of course, compute such amount upon any basis of calculation justified by the terms of the note, and that a mortgagor who sought relief against penal or oppressive stipulations in the note, must urge his defence without delay, or be considered to have waived it. It is true in the case of *Bidwell vs. Whitney,* we treat the foreclosure, by way of illustration, upon the same terms as a suit at law or in equity, and so far as the mortgagee keeps within the terms of his power, such illustration and position are strictly correct. But when the mortgagee acts entirely outside the power conferred upon him, his acts can bind no one, and no waiver can accrue. In this case, viewing it upon the complaint alone, as we are obliged to do, there is no pretence for the claim made by the mortgagee under his power, and the act is, therefore, unauthorized, and without binding force. Whereas, in the cases cited from 4 *Minnesota Reports,* the claims were strictly within the terms of the power, and, consequently, binding, unless relieved against by a proper tribunal.

The second mortgagee does not seek to set aside the sale, as he, perhaps, could have done, but desires to redeem the land by paying to the mortgagor, who purchased it in, the sum actually due to him. Not being able to ascertain with certainty the amount due, he pays the whole amount, protesting against the excess, and brings his action to recover back all over the sum actually due, alleging it to be $199 20. He states every fact necessary to show that the mortgagee has violated the power of sale contained in the mortgage, and through such means extorted money from him which he was in no way entitled to. We think he can recover it back.

The judgment is affirmed.