\*ANDREW MISENER

*v.*

JOHN S. GOULD and WILLIAM R. GOULD, partners under the firm name of Gould & Brother, SAMUEL T. VAN BRUNT, et al.

A mortgage was executed by M. and V to G. and Bro.; by subsequent acts of the mortgagees and V., the mortgage is discharged in equity as to M., the other mortgagor; G. and Bro. afterwards foreclosed the mortgage by advertisement, against both mortgagors, and became the purchasers at the sale, and after the commencement of this action and filing of the notice of *lis pendens*, convey the premises to D., as the agent of V., one of the original mortgagors.

*Held:* That M. may maintain an action to set aside the mortgage, sale, etc., although he did not appear or give notice of any equities at the sale; and that as to the premises owned by M., the defendants, D. and V., took no title by the conveyance from G. and Bro.

This action was brought in the District Court for Rice county, and was tried by the court without a jury. In the decision of the court below, the facts are found substantially as follows: Prior to and on the 4th Sept., 1858, the plaintiff, Misener, and the defendant, Van Brunt, were engaged in business as co-partners, under the firm name of Van Brunt & Misener, and owned and occupied lot 1, block 45, in Faribault, on which was a store, as tenants in common. The firm was indebted to defendants, Gould & Bro., in about the sum of $1400 00, to one Parish $1000 00, and to Wadsworth & Wells, $400 00. Gould & Bro. held a note of the firm, and a

───────────

\*Mr. Justice Berry, being of counsel in this case, took no part in its hearing or determination.

mortgage on said lot 1, as security for their debt.    The assets
of the firm, consisting of book accounts and stock of goods,
were about $3500 00.    On the 4th Sept., 1858, the firm was
dissolved, and Misener sold and assigned his undivided half of
the personal assets, to one David Misener, at the request of
Van Brunt, and Van Brunt agreed to pay the debts of the
firm.    Van Brunt gave to Misener (plaintiff) his note, and a
mortgage upon his undivided half of said lot 1 as security for
the payment of the debt to Gould & Bro., and caused a mort-
gage to be given by one Sarah Nash on lots 9 and 10 in block
58, to secure payment of the Parish debt.    These mortgages
were executed about the time of the dissolution of the firm.
In July or August, 1859, Gould & Bro., who were fully in-
formed of the agreement between Van Brunt and Misener, in
respect to the payment of the firm debts, agreed with Van Brunt,
that if plaintiff (Misener) would discharge his mortgage on
lots 9 and 10, and Van Brunt would give them a mortgage on
said lots as additional security for the debt of Van Brunt and
Misener, and also a bill of sale of the stock of goods, they
would pay the Parish debt, and when Van Brunt should pay
them the sum advanced to pay such debt, they would hold the
goods as additional security for the debt of Van Brunt and
Misener.    This agreement was communicated to the plaintiff,
(Misener,) and he discharged his mortgage on lots 9 and 10,
and a mortgage thereon was given to Gould & Bro., and the
stock of goods, worth $2500, was assigned to them.    Van
Brunt afterwards paid Gould & Bro. the Parish debt, and
the stock of goods was restored and released to Van Brunt,
without the knowledge or consent of plaintiff (Misener.)    The
goods were worth more than the amount of the Parish debt
and the debt to Gould & Bro. and more than the plaintiff's
half of lot 1, block 45.    On the 30th May, 1860, Gould &
Bro. foreclosed their mortgage on lot 1, block 45, (given to
secure the debt of Van Brunt and Misener,) and bid off the
premises for the amount of their debt.    The notice of fore-

closure and sale also contained the mortgage on lots 9 and 10. Plaintiff attended the sale, and requested the sheriff and the attorney for Gould & Bro., to sell lots 9 and 10 first, which was refused, and they were not sold at all, and the mortgage thereon was afterwards released and discharged without the knowledge or consent of plaintiff. Defendant, Van Brunt, remained in possession of the premises after the foreclosure and sale, and allowed the time for redemption to expire, and paid no part of the debt of Van Brunt and Misener to Gould & Bro.; and in the spring of 1863 commenced negotiations for the re-purchase of the premises from Gould & Bro., and made some payment on account thereof. This action was commenced on May 20, 1863, and notice of the pendency thereof was duly filed. In Oct., 1863, Van Brunt hired from the defendant, Draper, money to complete the purchase, and Gould & Bro. conveyed the premises to Draper, who gave a bond to Van Brunt for the conveyance of the same to him, on being paid the money so loaned.

Upon these facts the court below found as matters of law: That after the assumption by Van Brunt of the firm debt of Van Brunt & Misener, the plaintiff, Misener, became the surety, and Van Brunt the principal, and as such surety became entitled to be subrogated to the rights of any creditor of the firm, in and to any securities taken from the defendant, Van Brunt, as security for the firm indebtedness, upon the payment of such debt by the plaintiff, or out of his property. The discharge of, or relinquishment of, any such security by the creditor, knowing of the arrangement between the plaintiff and defendant Van Brunt, releases the plaintiff or his property, to the extent of the value of the security relinquished. The defendant, Van Brunt, having agreed to, and being bound to pay off the indebtedness charged upon said lot 1, block 45, and having failed to perform his agreement, and allowed the mortgage thereon to be foreclosed, and the period of redemption to expire, cannot take advantage of

Misener v. Gould et al.

his own wrong, and acquire a title under the foreclosure, to the prejudice of the plaintiff; his purchase must be treated as a redemption. The defendant, Draper, having acquired the title after the commencement of the action, and the filing of the notice of the pendency thereof, and as agent of Van Brunt, acquired no greater rights than those of defendants, Gould & Bro. and Van Brunt. The mortgage, as a lien upon the plaintiff's undivided one-half of lot 1, block 45, is satisfied and discharged, and the foreclosure and sale of such undivided half should be set aside, and the deed to Draper is void. * * *

Judgment was entered in accordance with such decision, from which defendants appeal to this court.

BERRY & PERKINS, and C. L. LOWELL, for appellants.

The time for the plaintiff to have asserted his equities, was during the pendency of the foreclosure of the Gould mortgage, within the rule laid down in *Bidwell v. Whitney*, 4 Minn. 76; and *Johnson v. Williams*, Ib. 260.

COLE & CASE, for respondent.

It appears from the record, and is conceded by the defendants, that the plaintiff was a surety for the defendant Van Brunt; that the defendants Goulds, were cognizant of this and knowingly discharged securities sufficient in amount to have satisfied the indebtedness, and upon these facts the defendants admit, that the plaintiff and his property were released, but insist that the claim should have been interposed by suit, to enjoin the sale prior to the foreclosure under which the plaintiff's property was sold to satisfy the defendant Van Brunt's indebtedness to the defendants Goulds, relying solely upon the cases of *Bidwell v. Whitney*, and *Johnson v. Williams*, 4 Minn., 76-260. The want of analogy between these cases, and

the case at bar, is so glaring that it is difficult to perceive the object of the counsel in citing them.

The first was an action for money had and received to recover the surplus in excess of seven per cent., for which a mortgagee had bid off upon foreclosure by advertisement, under a mortgage, authorizing the collection of interest at 5 per cent. per month, and the form of the action is stated by the court, as one of the principal reasons for refusing relief.

The other was an action to set aside a foreclosure, because the mortgagee had sold the entire land mortgaged, disregarding the equitable rights of the plaintiff to have a portion of the land, primarily liable, first sold.

Even in this case, the true rule is correctly stated in *Clowes vs. Dickenson*, 9 *Cowen* 402. The neglect to interpose the objection before the sale, does not deprive the party of his rights; but if by delay, the property has passed into the hands of a bona fide purchaser, and in such case only the sale will not be set aside, but the mortgagee will be compelled to account for its value.

But the broad distinction exists in the case at bar, that the creditor, holding ample security for the payment of the principal debt, has voluntarily destroyed it in disregard of the rights of the surety.

Whether this discharge was before or after the foreclosure of the mortgage, is immaterial. In the case of the last mortgage, it is shown to have been afterwards, and the plaintiff not having then been injured, had no motive to enjoin the sale, as he had the undoubted right to allow the sale to proceed, and his property to be taken for the debt, relying upon his right to subrogation.

If it be said that he should have filed his bill to have compelled the creditor first to exhaust the security, upon the principle that when one of two creditors has a lien upon two funds, and the other only one, the former will be compelled to resort primarily to the fund in which the other has no interest. We

Misener v. Gould et al.

reply that this is not that case, but if it were, the rule in practice generally is to compel the creditor to place his securities at the disposition of the other claimant, after they have served the purpose of satisfying his own debt, without restraining him in their use in the first instance.     2 *Eq. Lea. Cases,* 275-6.

If the discharge was before the foreclosure, and the security discharged was equal in amount and value to the principal debt, it released the plaintiff, and cancelled the mortgage on his property; *Johnson v. Williams,* 4 Minn. 268; and his neglect to assert his rights at the foreclosure, could not waive them and impart to the mortgage renewed vitality, especially as at the commencement of the action and prior to the filing of the *lis pendens* no rights of third parties had intervened. *Clowes v. Dickenson,* cited *ante.*

*By the Court—*McMILLAN, J.—It is admitted by the appellants, that upon the facts found by the Court, the plaintiff stood in the relation of surety for Van Brunt, as to the indebtedness of the firm of Misener & Van Brunt, and that the defendants, Goulds, had full notice of that fact, and by their own action in delivering to Van Brunt, property of the firm, which they held in trust to pay the debts, the plaintiff was discharged from all liability as such surety, and his property released from the mortgage given to secure the Goulds' debt. But it is urged that the time for the plaintiff to have asserted his equities, was during the pendency of the foreclosure of the Gould mortgage, and not having done so, it is now too late.     The defendants in support of their position, rely upon the cases of *Bidwell v. Whitney,* 4 Minn., 76, and *Johnson v. Williams,* Ib., 260.     *Bidwell v. Whitney* was an action at law, to recover the surplus bid by a mortgagee on a foreclosure by advertisement, over and above the amount actually due upon the obligation, but within the amount stipulated to be paid in case of non-payment after maturity.     The Court

in that case held, that the mortgagor could have enjoined the sale, in equity, until the amount actually due could be ascertained, and had the mortgage cancelled as to the balance claimed to be due in the notice of sale, or could have had other appropriate equitable relief, depending upon the condition of the parties, and the securities; but that the action at law would not lie. *Johnson v. Williams* was an action to set aside a sale by advertisement under a mortgage, where subsequent to the mortgage, the mortgagor conveyed to the plaintiff and one Eastman, separate parcels of the mortgaged premises, the deeds to which were recorded prior to the publication of the notice of sale. The plaintiff alleged that the balance of the mortgaged premises remaining in the mortgagor, with either of the parcels sold to Eastman, were sufficient to pay the debt, and if sold in the order they were primarily liable, it would not be necessary to sell the plaintiff's portion of the property. The whole tract was sold together. No demand was made for plaintiff on the day of sale, that the land should be sold in any particular manner, or that he claimed any equities; the plaintiff excusing the want of appearance at the day of sale, on the ground that he was an officer in the United States navy and had been for the year previous on duty on a foreign cruise, and that until within a few days he had no notice of the proceedings of foreclosure. Neither of these cases is in point in this instance. It will be observed, that in both of these cases there were valid mortgages, and that the foreclosure proceedings were under valid existing powers, and within the letter of the instrument, and were therefore regular. But in this case the mortgage is cancelled and the power extinguished, and as *between these parties* at least, the foreclosure is without authority, and the proceedings are not irregular, but void. In speaking of a foreclosure by advertisement, Cowen, J., says: "There must be a power. Payment extinguishes it, and the case becomes the same as if none had ever been inserted in the mortgage. By payment,

the whole mortgage is extinct, as much so as if released or paid and cancelled of record." *Cameron v. Irwin*, 5 Hill, 276, and authorities cited. *Jackson v. Dominick*, 14 Johns., 441. So far as these parties are concerned, Van Brunt and Goulds, being the actors in the proceedings which effected the cancellation of the mortgage, and the actors chargeable with notice, it is immaterial whether the cancellation of the mortgage was effected by payment or by the acts of the parties. "It had ceased to exist, and in legal contemplation was extinguished as effectually as if it had been paid or released by the party under hand and seal." *Deyo v. Van Valkenburgh et als.*, 5 Hill, 244. In *Bennett et al. v. Healy*, 6 Minn., 240, Justice Flandrau says: "It is true in the case of *Bidwell v. Whitney*, we treat the foreclosure, *by way of illustration*, upon the same terms as a suit at law or in equity, and so far as the mortgagee keeps within the terms of his power, such illustration and position are strictly correct. But where the mortgagee acts entirely outside the power conferred upon him, his acts can bar no one, and no waiver can accrue." The decision in the case, in the light of the facts reported, would seem to be analagous in principle with the case at bar.

It is unnecessary in this view of the case, to consider either of the other points raised by the defendants. The sale being void as to Misener, Goulds took no title to his portion of the premises, and Van Brunt having notice, could take no greater title than Goulds had. The defendant Draper, having purchased after the commencement of the action, and after the filing and recording of the notice of the pendency thereof, and purchasing also on behalf, and as the agent of, the defendant, Van Brunt, acquired no title to the property as against the plaintiff.