FREDERICK BUTTERFIELD

*vs.*

SUMNER W. FARNHAM, *et al.*

If a mortgage containing a power of sale be foreclosed conformably to the requirements of the statute, it is sufficient, irrespective of the requirements of the power.

The power of sale in a mortgage required that the mortgagee should enter and take possession of the mortgaged premises before selling; that the sale should be on the premises, and that the mortgagee should furnish an account of the sale to the mortgagor.    *Held* to be no objection to a foreclosure of said mortgage, made conformably to the statute, (*Comp. Stat., ch. 75,*) that the above requirements had not been complied with.

Said mortgage was conditioned for the payment of $20,200 in one year from July 10, 1858, with interest at 18 per cent. per annum, payable annually, and was foreclosed by advertisement.    The notice of sale, dated Sept. 14, 1861, claimed $34,251.28 to be then due, [an excess of $7,335.64 over what was legally due.]    *Held*, that, in absence of fraud in law, fraud in fact, or actual injury, the claiming of more than is either legally due or stipulated for in the contract can not affect the validity of the sale.    That in this case no actual injury or fraudulent design is shown.    That while a claim, which would necessarily have the effect to deter bidders, would be held fraudulent in law, there is no rule of law by which the claim of such an excess as this, must be held necessarily to have had such an effect, and that, under the facts and circumstances of this case, it cannot be said that it would do so.

The plaintiff brought this action in the district court for Hennepin county, to determine the adverse claim of the defendants to certain unoccupied land in that county, which he

Butterfield v. Farnham et al.

claimed to own in fee. The defendants, (except Sumner W. Farnham,) in their answer denied plaintiff's ownership of the land, claimed title in fee in themselves, and asked that their title be quieted and confirmed.

Upon the trial before the court, a jury being waived, the following facts appeared. On the 10th of July, 1858, one Franklin Steele, the then owner of the land, executed a mortgage thereof, and of other parcels of land in the same county, to one H. L. Dousman to secure the payment of $20,200, one year after date, with interest at the rate of eighteen per cent. per annum, payable annually. The mortgage contained a power of sale upon default, coupled with certain provisions as to the exercise of the power, which are stated in the opinion. Default having been made, the mortgage was foreclosed by advertisement, and the land in question was sold on the 5th November, 1861, for $100, to the mortgagee, who also became the purchaser of the rest of the mortgaged premises, for the aggregate price of $10,510. All the foreclosure proceedings, though not pursuing the peculiar provisions of the mortgage, were in strict conformity with the statutes then in force regulating the foreclosure of mortgages by advertisement, except that the notice of sale stated the amount claimed to be due upon the mortgage at $34,251 28, the amount actually due being only $26,915.64.

The sheriff's certificate and the proper affidavits of publication and sale were made and recorded, and on the 6th November, 1862, no redemption having been made, the sheriff executed to the purchaser the proper deed of the premises sold, which was duly recorded on the 7th November, 1862.

H. L. Dousman died intestate in 1868. On the 11th June, 1869, his widow and sole heir joined in conveying the premises in question to Eunice E. Farnham, one of the defendants, by deed, which was duly recorded on the 29th June, 1869. By

Butterfield v. Farnham et al.

deed dated June 22d, and recorded June 29th, 1869, the said Eunice E. Farnham, and Sumner W. Farnham, her husband, conveyed two undivided thirds of the premises to the other defendants, Lovejoy and Morrill.

The plaintiff claimed title under a deed to him from Franklin Steele and wife, dated October 9th, 1868, and recorded August 28th, 1869.

Judgment was ordered and entered for the defendants, for the relief prayed in their answer, and for costs, from which judgment the plaintiff appeals.

BIGELOW & CLARK for Appellant.

LOCHREN & McNAIR, for Respondents.

*By the Court.*—RIPLEY, CH. J.—It is admitted that, except in respect of the amount claimed to be due, the mortgage under which the respondents derive title was foreclosed in conformity to the requirements of the statute then in force (*Comp. Stat. ch.* 75 ;) but the appellant contends that the foreclosure was void for want of conformity to certain requirements contained in the power of sale in said mortgage, and other than those prescribed by statute.

Said power of sale provides that, in default in the payment of the mortgage debt it shall be lawful for the mortgagee to enter upon the premises and sell the same and the mortgagor's equity of redemption therein at public auction, such sale to be upon the premises, upon three successive weeks publication of the time and place in any newspaper printed in the county of Hennepin, rendering the surplus money, if any there be, over the debt and charges, together with a true and particular account of the sale and charges, to the mortgagor ; which sale it is provided shall bar all equity of redemption.

The points of objection specified are,

1st. That the mortgagee should have entered and taken possession of the premises before the sale.

2d. That the sale was not made on the premises.

3d. That no account of the sale was furnished to the mortgagor.

. The statute aforesaid provides that every mortgage, containing therein a power of sale, upon default being made in any condition of such mortgage, may be foreclosed by advertisement in the case and in the manner hereinafter specified. (*Sec.* 1.)

This in terms extends to and includes all mortgages and all powers of sale whatsoever in any mortgage contained. It is the plainest possible statement that *any* such mortgage may be foreclosed in the cases mentioned by taking the steps prescribed.

It is not disputed that this was within the power of the legislature.

It is unnecessary to consider whether or not the statute is imperative; whether, for instance, if the parties contracted for a different mode than that in the statute provided for, a foreclosure conducted according to the contract, would or would not be valid.

In New York a similar statute seems to have been held imperative. *Lawrence vs. Farmers' Loan and Trust Co.* 13 *N. Y.* 200.

In *Elliott vs. Wood,* 53 *Barb.* 285, a doubt is expressed whether the above mentioned case does hold that the method prescribed by the statute must be strictly followed.

Here no such question arises. The method prescribed by the statute has been followed. Why then is not this mortgage foreclosed ? Because, says the appellant, the contract required something more.

Butterfield v. Farnham et al.

But if the legislature, having the right to say so, has said what shall in *every* case be sufficient to constitute a valid foreclosure, individuals certainly can have no right to say that a particular foreclosure should be invalid unless something else was done in addition.

There is no difference in principle between a power of sale, which requires the mortgagee to take the statutory steps and some additional step, and one which requires him to pursue a course altogether different from that which the statute prescribes.

The contract, in each case, if it were to be held obligatory upon the party, would amount to a repeal of the statute by individual authority ; for it is, in each case, that that which the law has said shall be a valid foreclosure shall not have that effect, but that *something else* shall.

With respect to the first and last matters of objection above mentioned no question would be made but that the power of sale required more than the statute. With respect to the first it may also be remarked that the decisions from Massachusetts cited by the appellant are inapplicable in the absence there of such a statute as ours.

With respect to the requirement in the power, mentioned in the second objection, however, (that the sale should be on the premises,) it may not at first sight be so obvious, that it is a requirement in addition to those of the statute. This will appear to be so, however, upon a little reflection.

The statutory requirement is only that it must be in the county, and *sec.* 1 declares that a mortgage may be thus foreclosed, *i. e.,* by a public sale made in the county. When it appears that such a sale has been held in the county, the statute is satisfied, and the mortgage has been foreclosed in the manner specified. A stipulation that the sale shall take place at a particular place in the county, is a stipulation for more than

the law requires.    Within the limits of the county the statute leaves the place of sale, as it leaves the hour of the day, (within certain limits,) to the mortgagee's option.

It is further objected, however, that the foreclosure was void, because the amount claimed in the notice of sale to be due was greatly in excess of any amount which the mortgagee by any computation could have honestly supposed to be due.

The mortgage was conditioned for the payment of $20,200 in one year, with interest at the rate of 18 per cent. per annum payable annually, on which, at the date of the notice, according to the doctrine heretofore laid down by this court, there would have been due $26,915.64.    The amount claimed in the notice was $34,251.28, or an excess of $7,335.64.

This was evidently got at by compounding the interest at 18 per cent., which gives $34,251.30.

We think that the result of the decisions on this point, in New York, (where there is no redemption,) as well as here, is that, in the absence of fraud in law, fraud in fact, or actual injury, the claiming of more than is either actually legally due, or stipulated for in the contract, cannot affect the validity of the sale.    *Jencks vs. Alexander*, 11 *Paige*, 619 ; *Clock vs. Cronkhite*, 1 *Hill*. 107 ; *Spencer vs. Annan*, 4 *Minn*. 542 ; *Ramsey vs. Merriam*, 6 *Minn*. 168.

No actual injury is shown.    With respect to any fraudulent design, it would be hard to say that the computation was not honestly made, in view of the fact that standard books in arithmetic lay down the same rule which was followed in this case.

As to fraud in law, it seems to us that this excessive claim does not amount to that, whether the terms of the contract would or would not have justified the computing interest at 18 per cent. per annum after maturity.    If they did, the excess would still have been $2,496.88.

Butterfield v. Farnham et al.

The principle to be extracted from the cases referred to is, that what would necessarily have the effect of deterring bidders would be fraudulent.

Thus, where the claim was for 65 per cent. more than the note called for by its terms, the court held that such a false claim would necessarily have the effect to deter bidders. *Spencer vs. Annan, supra.*

On the other hand, an excess of $500 in about $16,000 was held not to have been of sufficient magnitude to have influenced purchasers one way or the other. *Ramsey vs. Merriam, supra.*

And if by saying in that case that a party " cannot arbitrarily or wantonly claim a sum which neither the terms of his contract nor any legitimate calculation based thereon can justify," the court meant that such a claim, no matter whether its amount was such to deter bidders or not, would invalidate a foreclosure, we cannot agree with it.

For if the excess were so small as that it could have no effect to deter bidders, it could make no difference whether its insertion were *wanton* or not.

In this case the mortgagee might bid the full amount of his claim on any piece, (on this parcel for instance,) covered by his mortgage without being liable to pay cash.

If there should have been any third person desirous of bidding on this parcel, is it conceivable that the fact, that the mortgagee had that right to the extent of $27,000, would not have been as discouraging as if it had been $34,000 ?

If this had been a sale without redemption, and the mortgagee had been desirous to secure this piece of property, his right to bid $27,000 would have been entirely effectual to that end, such a sum being not only so vastly beyond any conceivable value of the property, but also impossible to raise at the period in our history when the sale took place.

And as to the mortgagor, and those claiming under him, the mortgagor knew what was due. No false claim could affect him. As to those claiming under him, the terms of the mortgage were spread in the record, and they too knew what was due.

And if, on an arbitrary and wanton claim of more than was due, the mortgagee bid up to it, and took the property, not paying the excess in cash, Steele and those claiming under him had their remedy. 6 *Minn.* 240. 7 *Minn.* 159.

It is held that after sixteen years the mortgagor is not to be heard to question the regularity of the notice, and that every apparent defect is to be supplied by intendment. *Bergen vs. Bennett*, 1 *Caines' Cases in Error* 1 ; *Demarest vs. Wynkoop*, 3 *John. Ch.* 145.

Ten years passed before this objection was made by a grantee of Steele, with notice that the property had passed into the hands of purchasers for value.

As to the matter of fact, there is no evidence that there were any bidders to be deterred by any excess of claim.

There is no rule of law, by which the claim of such an excess as this must be held necessarily to have deterred bidders, and we certainly ought not to *make* a rule for the purpose of invalidating this foreclosure.

Judgment affirmed.