Menard et al. v. Crowe et al.

---

### AURELIA MENARD, et al

#### vs.

### ISAAC CROWE, et al.

The notice of sale, upon foreclosure by advertisement, described the mortgage, as having been "made, executed and delivered * * * to Isaac Crowe, agent of Abraham Becker." *Held*, that this was a sufficient designation of Crowe, as the mortgagee.

The notice was signed "Isaac Crowe, agent for Abraham Becker. Abraham Becker, mortgagee in fact." *Held*, that the signature, "Isaac Crowe," was sufficient, as showing that the notice was given by the mortgagee, and that the addition, "agent," &c., and the other designation were harmless. •

*Butterfield vs. Farnham*, 19 *Minn.* 85, followed, as to the effect of a claim, in the notice of sale, that a larger amount was due upon the mortgage than was actually due.

The notice of sale appointed the 7th day of November, 1859, as the day of sale, but appointed no hour of sale. *Held*, that this indefiniteness of the notice would not be permitted to overthrow the sale, which, so far as appeared, had never been attacked until the present action was brought—nearly twelve years after the sale took place.

Ordinarily, and therefore presumably, the publisher of a newspaper is the printer of the same, in the sense of being the person for whom, as principal, and by whose servants, the paper is printed.

This action was brought in the district court for Hennepin

county, to determine the adverse claim of the defendants to certain unoccupied real estate, and, by consent, was tried by the court without a jury. At the trial, the plaintiffs proved title in fee in Joseph Menard, on the 30th January, 1858, from whom they derived title in fee by sundry conveyances, subsequent to that date. To sustain his adverse claim, the defendant, Crowe, offered the following documentary evidence, which was received under the plaintiffs' objections, and the plaintiffs duly excepted.

1. The record of a mortgage of the real estate in question, bearing date and acknowledged January 30, 1858, purporting to be executed by Joseph Menard and his wife, the plaintiff Aurelia Menard, to "Isaac Crowe, agent of A. Becker." This mortgage contained the usual power of sale, and was duly recorded. It was conditioned for the payment of "four hundred and twenty-five dollars, six months from the date hereof, with interest at the rate of four per cent. per month, interest payable quarterly, according to the conditions of a promissory note, bearing even date herewith."

2. The record of a notice of foreclosure sale, bearing date September 20, 1859, describing the mortgage, as "made, executed and delivered  *  *  *  to Isaac Crowe, agent of Abraham Becker," stating the amount due upon the note and mortgage, at the date of the notice, to be $759.90, and that the mortgaged premises would "be sold at public auction, *  *  *  on the 7th day of November, 1859." The notice is signed, "Isaac Crowe, agent for Abraham Becker.

"Abraham Becker, mortgagee in fact."

3. The record of an affidavit of D. S. B. Johntson, sworn November 8, 1859, in which he states that "he is the publisher of the St. Anthony Express, a weekly newspaper," &c., and that "the notice hereunto annexed, has been published in the said paper for at least six successive weeks," &c.

4. The record of the sheriff's certificate of sale, stating that " on the 7th day of November, 1859, at ten o'clock, fore-noon," &c., he " did expose for sale, and did sell at public auction, the following described premises and real estate, (describing it as in the mortgage,)  *  *  to Isaac Crowe, agent of Abraham Becker, mortgagee, for the sum of $800," &c., and that " said sale was, in all respects, honestly, fairly and lawfully conducted," &c.

5. The record of a sheriff's deed, pursuant to the cer-tificate.

6. The record of an affidavit of sale, by the deputy sheriff who made the sale.

The district court found that the mortgage had been duly foreclosed, and ordered judgment for the defendants. Judg-ment was entered accordingly, and the plaintiffs appeal.

SHILLOCK & GRETHEN, for Appellants.

LOCHREN, MCNAIR & GILFILLAN, for Respondents.

*By the Court.*—BERRY, J.—The plaintiffs made several ob-jections to the evidence of foreclosure upon which defendants rely, to establish their claim to the land in controversy in this action.

I.   It is objected that the notice of sale does not name the mortgagee. The notice describes the mortgage, as having been " made, executed and delivered  *  *  *  to Isaac Crowe, agent of Abraham Becker." This is a designation of Crowe, as the mortgagee, *i. e.*, the person to whom the mortgage runs. That he is also styled, " agent," &c., is not inconsistent with, nor does it take away, his character as mortgagee.

It is further said that the notice is not signed by Isaac Crowe, as the mortgagee, and that it is signed by Abraham Becker, who is no party to the mortgage. The notice is sign-

ed, "Isaac Crowe, agent for Abraham Becker. Abraham Becker, mortgagee in fact." The statute being silent upon the subject of signature, and Crowe being designated mortgagee in the body of the notice, the simple signature, "Isaac Crowe," is sufficient. It shows that the notice is given by the proper person, *i. e.*, the mortgagee. The addition, "agent," etc., is of no more importance than before, while the other signature and addition do not at all affect the fact, appearing from the mortgage and the notice, that Crowe is the mortgagee.

Another objection taken is, that the amount claimed in the notice to be due upon the mortgage, is $759 90-100, while in truth the amount due did not exceed $600. The amount claimed being within the literal terms of the note secured by the mortgage, and no injury or fraud appearing, this objection is answered by *Butterfield vs. Farnham*, 19 *Minn.* 85, and cases cited.

The last objection to the notice of sale is, that although it appoints the 7th day of November, 1859, as the *day* of sale, it appoints no *hour* at which the sale is to take place. The statute, (*Pub. Stat. chap.* 75, *secs.* 5 *and* 6,) requires that the notice should specify "the time and place of sale," and that the sale should be at public vendue, between the hours of nine o'clock in the forenoon and the setting of the sun. Unquestionably, the best practice would require that the hour, as well as the day of sale, should be named in the notice. But the question in this case is, not what is the best practice, but whether this sale is invalid.

In view of the statutory requirement as to the part of the day during which a sale must take place, to name the 7th day of November, 1859, as the day of sale, is equivalent to saying that the sale will take place on that day, between nine o'clock in the forenoon and the setting of the sun. It cannot be said

that such a notice does not "specify the time" of sale, and apprise the mortgagor and the public thereof.  It can only be said that it does not specify the time with as much particularity as it ought to do, by designating the *hour* of sale, according to common usage and the better practice.  The indefiniteness of the notice was then, at most, an irregularity; and whatever the mortgagor might have done, upon seasonable application, such irregularity cannot be permitted to overthrow a sale, which so far as appears, has never been attacked until the present action was instituted—nearly twelve years after the sale took place.  *Hamilton vs. Lubukee,* 51 *Ill.* 415; *Butterfield vs. Farnham,* 19 *Minn.* 92, *and cases cited.*

II.    The affidavit of publication of notice is also objected to.   As to this objection it is only necessary to say, that as the evidence in the case is not returned here, and as the court below has expressly found that the notice " was published for six successive weeks as required by the statute," it will be presumed that if the affidavit were insufficient, other and sufficient evidence to establish a proper publication, was introduced upon the trial.

If this were not the fact, we are of opinion that the objection that the affidavit is made by a person who swears that he is the publisher, but does not swear that he is the printer of the newspaper in which the notice appeared, is not well taken in this case.   Ordinarily, and therefore presumably, the publisher of a paper is the printer, in the sense of being the person for whom, as principal, and by whose servants, the paper is printed.   So that, without going as far as *Bunce vs. Reed,* 16 *Barbour,* 347, where it is held that publisher and printer are synonyms, it would be enough for this case to say, that the ordinary presumption that the publisher of the paper is the printer, in the sense above, is not overcome by any showing to the contrary.   *See also Sharp vs. Daugney,* 33 *Cal.* 513.

The other objections taken to the evidence of foreclosure, were hardly insisted on, and require no special consideration. Judgment affirmed.