## THOMAS COLEMAN v. MISSISSIPPI & RUM RIVER BOOM COMPANY.[1]

July 29, 1910.

Nos. 16,467—(9[2], 246[3]).

**Construction of contract.**

The defendant contracted to "maintain" a boom along a river bank owned by plaintiff. It constructed and maintained the boom for several years, until it was washed out, without fault of defendant, by an unprecedented flood. The defendant thereafter, with due diligence, renewed the boom, and has since maintained it. *Held*:

1. That the terms of the contract and the circumstances of its making negative the inference that it was in the contemplation of the parties that the defendant assumed the charge of maintaining the boom against unavoidable, unprecedented, and overwhelming. natural forces.

2. That therefore it did not contract to indemnify the plaintiff against the destruction of the boom by an unprecedented flood.

3. That the defendant has maintained the boom continuously when possible, and has thereby performed its contract.

Action in the district court for Anoka county to recover $500 for breach of contract. The substance of the defense is stated in

[1]Reported in 127 N. W. 192, 131 N. W. 641.          [3]April, 1911, term calendar.
[2]April, 1910, term calendar.

the fourth paragraph of the second opinion. The case was tried before Giddings, J., and a jury which returned a verdict in favor of defendant. From an order denying plaintiff's motion for a new trial, he appealed. Affirmed.

*Will A. Blanchard,* for appellant.
*Dodge & Tautges,* for respondent.

PER CURIAM.

The court is of opinion that the trial court properly submitted to the jury the issue whether the damage was caused by high water, and not by the removal of the boom. It is further of opinion that what must for present purposes be regarded as an act of God did not relieve the defendant from its obligation to restore the boom as soon as reasonably might be, and to then maintain it, and that defendant showed a performance of that obligation.' The court will consider briefs by respective counsel, to be filed within thirty days, on the question whether the defendant could be held responsible for damages, if any, done to the banks at the time of or subsequent to the washing away of the banks.

On June 2, 1911, the following opinion was filed:

SIMPSON, J.

The case comes here on plaintiff's appeal from an order denying his motion for a new trial after verdict in defendant's favor. The material facts are these:

Plaintiff was the owner of an Anoka county farm bordering on the Mississippi river. He had made several claims against the defendant for alleged injury to his river bank. In February, 1903, the parties entered into a contract adjusting existing differences between them. The plaintiff, in consideration of $250, released the defendant from all claims for damages theretofore caused by defendant to his land, authorized the defendant to use the river and maintain therein such piles, piers, and booms as might be convenient in its business, and further released the defendant from all claims for future damage to the plaintiff's land by any act of the defendant in the management of its business. Paragraph 4 of the

contract—the portion of the contract directly involved in this suit —is as follows:

"4. As a further consideration hereof, said second party agrees during the continuance of this license or easement, in order to protect the banks of said land above described, to maintain a boom of logs along said banks from the pier on said land opposite the head of Casey's Island to the southern extremity of said tract of land."

Thereafter the defendant company built a boom along the described bank, and maintained such boom continuously until March 26, 1907. The boom was then washed out by an unprecedented flood. The boom was restored by the defendant June 17, 1907, and has since been maintained in place.. During the period of the flood that carried the boom away, and the subsequent period prior to the rebuilding of the boom, a considerable area of plaintiff's shore lands washed away. Plaintiff brought this action to recover his damages by reason of such washing of his land, alleging in his complaint that the boom built by defendant was built in a negligent manner, and by reason thereof it was carried away, and that the washing away of the shore "was caused solely by reason of the failure of said defendant to keep and maintain the boom of logs along said shore." The defendant, by its answer, denied that the boom was built in a negligent manner, and alleged that it was unavoidably swept away in an unprecedented flood, carrying blocks of ice and logs, that the defendant was not bound to anticipate this flood, and that the results of it were wholly beyond the defendant's control. The defendant alleged that thereafter it restored the boom along plaintiff's bank with due diligence.

The questions thus raised, as to the negligence of the defendant in constructing and maintaining the boom, and of the due diligence of the defendant in rebuilding it after its destruction, were by the court submitted to the jury, and the verdict in defendant's favor, based as it was on sufficient evidence, determined that the defendant acted with due care and diligence in these respects. The plaintiff contends that the defendant must nevertheless respond in damages, because, by its contract to maintain the boom, it placed on itself a duty or charge, and it is bound to make that charge good,

notwithstanding any impossibility of maintaining the boom. And the plaintiff urges here, as error, the portion of the charge in which the trial judge, in effect, instructed the jury that the defendant was not responsible for damages to plaintiff's land resulting from the unavoidable destruction of the boom by an unusual and overwhelming flood, by what is commonly referred to as an act of God. The proper construction of the contract in this respect is the one point involved in this appeal.

It is entirely competent for a party to contract to do an act, if possible, and, in addition, to agree to respond in damages if performance is rendered impossible by irresistible forces; but two different undertakings are thus involved. One contemplates the performance of the work; the other is a contract of indemnity. When one party desires work performed—a boom constructed and kept in repair along his land—and the other party, having facilities to do this work, is willing to undertake it, in the absence of terms indicating a different intention, it will be inferred that the parties entering into a contract under these conditions contemplated the doing of that which was possible, and did not intend to enter into a contract of indemnity against a loss which might unavoidably occur wholly independent of the acts of the party undertaking to do the work.

The plaintiff relies upon the rule in Paradine v. Jane, Aleyn, 26: "When the party by his own contract creates a duty or charge upon himself, he is bound to make it good, if he may, notwithstanding any accident by inevitable necessity, because he might have provided against it by his contract." This correctly expresses the obligation of a contract. It does not aid in determining what duty was in fact assumed. The decisive question is what duty was assumed by the contract. The applicable rule for determining this question is variously stated:

"But where, after the making of the contract, performance has become impossible by the act of God, it would seem that the promisor is excused, unless it clearly appears from the terms of the contract that the promisor was intended to be liable in all events." Addison, Contracts (10th Ed.) 136.

"If the performance of a contract becomes impossible by the act of God—that is, by a cause which could not possibly be attributed to the promisor—and this impossibility was not among the probable contingencies which a prudent man should have foreseen and provided for, it should seem that this would be a sufficient defense." 2 Parsons, Contracts (9th Ed.) *672.

"Where * * * the thing contracted for becomes impossible through what is termed in the books 'the act of God or the King's enemies,' the one who has promised to do it (not promised to compensate the other for what he shall have suffered from its not being done) is excused." Bishop, Contracts, § 592.

"If a man bind himself, by a positive, express contract, to do an act in itself possible, he must perform his engagement, unless prevented by the act of God, the law, or the other party to the contract." Stees v. Leonard, 20 Minn. 448 (494).

The word "maintain," used in the contract in defining the duty assumed by the defendant with reference to a boom along plaintiff's land, means to keep up; to keep in a particular state or condition. Performance by defendant of this contract according to its terms would therefore result in a boom being continually in place along plaintiff's land. But unless the language so used fairly indicates that within the contemplation of the parties the defendant was contracting, not only to do the possible in maintaining a boom, but as well to indemnify the plaintiff against loss if such maintenance became impossible, the defendant should not be held to have assumed that duty or charge. In another section of the contract the plaintiff expressly releases the defendant from claims for damages occasioned even by defendant's negligence. He is here asserting that the defendant, in this section of the contract, agreed to pay damages not caused by its negligence; that is, to indemnify plaintiff against an irresistible flood. There is nothing in the condition surrounding the making of the contract, or in the terms of the contract itself, that would indicate that anything more was embraced in it than an obligation on the part of the defendant to maintain the boom against destruction by usual or resistible forces. This the defendant did. The company constructed a sufficient boom,

exercised due care in its maintenance, and, when it was destroyed by an irresistible natural force, the defendant renewed it within a reasonable time. This being the extent of defendant's obligation, the portion of the charge referred to, assigned as error, correctly stated the law.

Affirmed.